IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Gordon, #259798, ) | C/A No. 8:15-2637-JFA-JDA |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| David Hamilton, York County Clerk of Court; ) John Does, all in their individual capacities, ) | |
| Defendants. ) | |

Antonio Gordon ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Kershaw Correctional Institution ("Kershaw"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

From the Complaint and the 129 pages of attachments, the Court gleans the following pertinent factual allegations. Plaintiff brings suit against David Hamilton ("Hamilton"), the Clerk of Court for York County, South Carolina, and John Does who are employed in the York County Clerk of Court's Office and are responsible for filing all legal documents. [Doc. 1 at 2–3.] Plaintiff alleges that Defendants acted under color of state law, and he sues them in their individual capacities. [*Id.* at 4.]

Plaintiff alleges his history of filing case(s) for post conviction relief and habeas corpus in the state courts. [*Id.* at 4–8.] After Plaintiff has not obtained relief in the state courts, he has continued to file pleadings in his post conviction case(s). [*Id.*] At some point, a state court entered an order restricting future filings by Plaintiff. [*Id.* at 9.] From May to

June 2015, Plaintiff attempted to file several motions in his post conviction case (Rule 59(e) motion and motion for summary judgment); however, Hamilton returned Plaintiff's pleadings to him with a letter stating Hamilton's office was required to return the pleadings based on the state court order restricting Plaintiff's future filings. [Doc. 1 at 9; Doc. 1-4 at 22, 33.]

Plaintiff alleges that Hamilton's actions were outside of his jurisdiction and judicial capacity. [Doc. 1 at 9.] He alleges Hamilton with deliberate indifference violated Plaintiff's constitutional rights of access to the courts, Eighth Amendment cruel and unusual punishment, and Fourteenth Amendment equal protection. [*Id.* at 9–11.] Plaintiff alleges the state court order "only" restricted him from filing any future post conviction applications that raise the same grounds in case 2008CP46495, any grounds raised in a prior action, or any allegation Plaintiff could have raised. [*Id.*] Plaintiff contends the motions he recently attempted to file were not barred by the state court order. [*Id.*]

For his relief, Plaintiff seeks a declaratory judgment that Hamilton violated his constitutional rights. [*Id.* at 12.] Further, he seeks injunctive relief for this Court to order Hamilton to discontinue violating Plaintiff's constitutional rights and perform his duty to file the Rule 59(e) motion and motion for summary judgment because those motions are not post conviction applications. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court

to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

First, the Complaint should be dismissed based on abstention. To the extent Plaintiff seeks to avoid the state court order limiting his court filings, or the scope of the order, this Court does not have the power to enter an order to vacate or limit the South Carolina state court order. Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Dukes v. Stone*, No. 3:08-505-PMD-JRM, 2009 WL 398079 at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is

empowered with appellate authority to reverse or modify a state court judgment). Plaintiff is improperly bringing this action in an attempt to overrule, or limit, the state court decision. *Cf. In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments). Therefore, the entire action should be dismissed pursuant to the *Rooker-Feldman* abstention doctrine.[1] *See Smalley v. Shapiro & Burson*, 526 F. App'x 231, 235–36 (4th Cir. 2013) (party losing in state court is barred from seeking what in substance would be appellate review of state judgment and this applies to matters directly addressed by the state court and claims which are inextricably intertwined with state court decisions).

Additionally, although a plaintiff may state a constitutional claim for denial of meaningful access to the courts to bring challenges to sentences or conditions of confinement, it is well settled that to state a cognizable claim a prisoner must allege specific actual injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349–53 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Giarratano v. Johnson*, 521 F.3d 298, 305 (4th Cir. 2008). In this case, Plaintiff does not plausibly allege any specific facts as to how a pending non-frivolous legal case, or any other

---

[1]This court acknowledges that "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.*

5

contemplated non-frivolous legal matter, was adversely affected due to his inability to file the two motions.[2]  Therefore, Plaintiff fails to state a claim on which relief may be granted.[3]

Moreover, even if Plaintiff alleges a plausible claim, this action should be dismissed because Hamilton has absolute immunity from this lawsuit.  Although Plaintiff sues Hamilton in his individual capacity, Plaintiff complains about Hamilton's conduct of misconstruing the state court order too broadly and returning pleadings without filing them.  Thus, Plaintiff is alleging that Hamilton did not properly conduct his duties in his role as the Clerk of Court.  It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions.  *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985).  And, clerks of court and other court support personnel are entitled to immunity similar to judges when performing their quasi-judicial duties.  *See Jarvis v. Chasanow*, 448 F. App'x 406 (4th Cir. 2011); *Stevens v. Spartanburg Cnty. Probation, Parole, and Pardon Serv.*, C/A No. 6:09-795-HMH-WMC, 2010 WL 678953, at *7 (D.S.C. Feb. 23, 2010).  "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)).  Here, the alleged wrongful acts were part of the Clerk of Court's alleged quasi-judicial functions.  *See Baccus v. Wickensimer*, C/A No.

---

[2]In fact, the alleged facts demonstrate that Plaintiff often files frivolous matters in the state courts.

[3]Plaintiff's alleged violations of the Eighth and Fourteenth Amendments also do not state plausible claims.  The Eighth Amendment protects against serious deprivations of basic human needs, not the right to file motions in a court.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (noting that adequate food, clothing, shelter, and medical care must be provided to inmates).  And, Plaintiff fails to allege how he has been treated differently than other similarly situated persons.  *See, e.g., United States v. Timms*, 664 F.3d 436, 447–48 (4th Cir. 2012).

9:13-1977-DCN-BM, 2013 WL 6019469, at *2–3 (D.S.C. Nov. 13, 2013) (explaining that judicial immunity is from claims for damages and injunctive relief). Thus, Hamilton has absolute quasi-judicial immunity from this lawsuit.

Finally, with respect to the John Doe defendants, Plaintiff fails to allege a plausible claim because the Complaint does not specifically allege personal misconduct by employees of the York County Clerk of Court's Office. *See McClam v. Boone*, C/A No. 4:11-1174-TLW-JRM, 2011 WL 4943681, at *2 (D.S.C. Aug. 22, 2011) (Plaintiff must show that the defendant personally caused, or played a role in causing, the deprivation of a federal right; specific information about what each separate defendant did is necessary), *adopted by*, 2011 WL 4943933 (D.S.C. Oct. 17, 2011). Further, the John Doe defendants should be dismissed based on absolute quasi-judicial immunity for the same reasons as Hamilton.

## RECOMMENDATION

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

August 13, 2015                                        s/Jacquelyn D. Austin
Greenville, South Carolina                   United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).