IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Antonio Gordon, #259798, | C/A No. 3:15-cv-2637-JFA-JDA |
| Plaintiff, | |
| vs. | |
| David Hamilton, York County Clerk of Court; John Does, all in their individual capacities, | **ORDER** |
| Defendants. | |

## I. INTRODUCTION

Antonio Gordon ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Kershaw Correctional Institution ("Kershaw"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1] On August 13, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this Court dismiss the action without prejudice and without issuance and service of process. (ECF No. 10). Plaintiff filed an objection to the Report. (ECF No. 13). Thus, this matter is ripe for the Court's review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in

---

[1] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates those without a recitation.

## II. DISCUSSION

Plaintiff has lodged three objections to the Report rendered by the Magistrate. Specifically, Plaintiff contends that the Magistrate erred: 1) in concluding that Plaintiff's claims should be dismissed based on abstention; 2) in concluding that Plaintiff suffers no actual injury; and 3) in concluding that Defendant Hamilton has absolute immunity from this suit.

### A. Abstention

The *Rooker–Feldman* doctrine prevents a federal district court from exercising jurisdiction over a case brought by a "state court loser" challenging a state court judgment rendered before the district court proceedings commenced. *Lance v. Dennis*, 546 U.S. 459, 460 (2006); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. *Lance*, 546 U.S. at 463; *Exxon*, 544 U.S. at 283; *see also* 28 U.S.C. § 1257. In recent years, the Supreme Court has emphasized the narrowness of the

doctrine. *See Lance*, 546 U.S. at 464 (listing examples of when the *Rooker–Feldman* doctrine does not apply); *see also Exxon*, 544 U.S. at 284.

Reacting to the Supreme Court's instruction in such cases as *Exxon*, the United States Court of Appeals for the Fourth Circuit has rejected its prior test for determining whether the *Rooker–Feldman* doctrine applies, which, in reliance on *Feldman*, examined whether the issues raised in the federal lawsuit were so "inextricably intertwined" with the claims presented to the state court that they could have been raised in the state proceedings. *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 716 (4th Cir.2006). Post-*Exxon*, the Fourth Circuit identifies the pertinent inquiry as whether the plaintiff's injury is *caused by* the state court judgment itself. *Id*. at 718. Other courts have adopted a similar test. *See, e.g.*, *Kovacic v. Cuyahoga County Dep't of Children & Family Servs.*, 606 F.3d 301, 309–310 (6th Cir.2010); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87–88 (2d Cir.2005); *Galibois v. Fisher*, 174 F. App'x 579, 580 (1st Cir.2006); *cf. Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.2010)(identifying this inquiry as one of four elements that must be met for the *Rooker–Feldman* doctrine to apply). Thus, after *Exxon*, the proper inquiry examines the source of the plaintiff's injury: if the state court judgment caused the plaintiff's injury, the claim is barred, but a claim alleging another source of injury is an independent claim.

Accordingly, "[t]he critical task is thus to identify those federal suits that profess to complain of injury by a third party, but actually complain of injury 'produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167 (3d Cir. 2010)(*quoting Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005)). "Where a state-court judgment causes the

challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear." *Hoblock*, 422 F.3d at 88.

In this case, Plaintiff claims that he is not challenging the prior state court judgment itself. Rather, he claims that Defendants acted with "deliberate indifference and outside his jurisdiction" by refusing to docket his filings and thus violated his "First amendment fundamental constitutional right to access the courts." (ECF No. 1, ¶23). Importantly, Defendants refusal to accept Plaintiff's filings was pursuant to the state court order. Thus, the state court order is itself *the cause* of the challenged third-party action.

Accordingly, Plaintiff's challenge to that action is barred under *Rooker-Feldman*.

### B. *Actual Injury*

In order to establish a claim of denial of access to the courts, an inmate cannot rely on conclusory allegations but must instead allege an actual injury or specific harm or prejudice that has resulted from the denial. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)(en banc). A prisoner must demonstrate that he suffered an actual injury, such as missing a court-imposed deadline or being unable to file a complaint because of a defendant's actions. *Pronin v. Johnson*, No. 15-6534, 2015 WL 5833939, at *1 (4th Cir. Oct. 7, 2015)(*citing Lewis v. Casey*, 518 U.S. 343, 351-52 (1996)).

In his objection to the Report, Plaintiff alleges that an actual injury occurred. Specifically, he claims that he "will lose his entire appeal" due Defendants' actions. However, as Judge Hayes made clear in his state court order, Plaintiff had no basis for an appeal from the start. (See ECF No. 1-1 p. 10). Plaintiff made a motion to file a habeas petition, which was granted. Such a ruling did not generate an opportunity for him – as prevailing party – to appeal.

Accordingly, Plaintiff has not suffered an actual injury.

### *C. Immunity*

Judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Additionally, clerks of court and other court support personnel are entitled to immunity similar to judges when performing quasi-judicial duties. *See Jarvis v. Chasanow*, 448 F. App'x 406 (4th Cir. 2011); *Stevens v. Spartanburg Cnty. Probation, Parole, and Pardon Serv.*, C/A No. 6:09- 795-HMH-WMC, 2010 WL 678953, at *7 (D.S.C. Feb. 23, 2010). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006)(*quoting Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)); *see also Baccus v. Wickensimer*, C/A No. 9:13-1977-DCN-BM, 2013 WL 6019469, at *2–3 (D.S.C. Nov. 13, 2013)(explaining that judicial immunity is from claims for damages and injunctive relief).

In this case, Defendants refused to file two motions pursuant to an order from a state circuit judge. While Plaintiff sues Hamilton and the John Does personally, his claim is merely that the clerk's office interpreted the state court order too broadly. Thus, Plaintiff is alleging that Defendants did not properly conduct their duties in the office of Clerk of Court. Those actions was clearly part of the quasi-judicial function of the Office of Clerk of Court.

Accordingly, Defendants have absolute quasi-judicial immunity from this lawsuit.

### III. CONCLUSION

After a careful review of the record, of the applicable law, and of the Report and the Objections thereto, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate and hereby **DISMISSES** this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

October 29, 2015                                                                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                                                                      United States District Judge